Hurley, J.
This report is before us after allowance by the trial judge of the defendant’s motion for summary judgment. We affirm the-trial judge and dismiss the report.
We summarize the facts as appearing in the pleadings including the plaintiffs responses to the defendant’s request,for admissions. Dist./Mun. Cts. R. Civ. P., Rule 56(,c). On June 22, 1984, the plaintiff purchased a new automobile. The plaintiff financed that purchase with a loan from a bank and additionally purchased a credit life insurance policy securing the loan in the event of the plaintiffs death or disability. The plaintiff paid the premiumsTor that policy. No physical examination or history was required or given at the time the insurance was purchased. The plaintiff became disabled on January 30, 1986. The plaintiff filed a claim for benefits under the policy which the defendant denied on July 10, 1986 because the plaintiff was disabled from a disease.contracted prior to the effective date of coverage.
After years of health problems manifesting similar symptoms, the plaintiff was diagnosed on April 13,1984 as suffering from angina. In January 1985, catheterization tests were performed. Double bypass surgery was performed in J une 1985. The plaintiff returned to work in October 1985 and was declared totally and permanently disabled on January 30, 1986.
Our “ [rjeview of a grant or denial of summaryjudgment involves the same standard employed initially by the trial court.” 8 J. SMITH & ZOBEL, MASSACHUSETTS PRACTICE, §56.10, at 364 (1977). The insurance policy in question provides an exclusion for “an injury sustained or a disease contracted prior to [the] Effective Date of coverage as shown in the Schedule.” The plaintiff was diagnosed as suffering from angina approximately two months prior to the date coverage began. Angina is a symptom of arteriosclerosis, a recognized disease. THE MERCK MANUAL 386 (R. Berkow 15th ed. 1987). Since the contract language is not ambiguous, it must be construed according to its ordinary meaning. Jefferson Ins. Co. of New York v. Holyoke, 23 Mass. App. Ct. 472, 475 (1987). The trial judge found that the plaintiffs disease was contracted prior to the effective date of coverage. That finding is amply supported by the evidence. “ [I]t has generally been held in construing policies of this type that the origin of a sickness or disease is deemed to be the time when it first becomes manifest or active, or when there is a distinct symptom or condition from which one learned in medicine can diagnose the disease.” *162 Dowdall v. Commercial Travelers Mutual Accident Association, 344 Mass. 71, 74 (1962). Other courts have reached a similar result denying benefits under a like contract where a plaintiff had been diagnosed as suffering from arteriosclerotic heart disease prior to the effective date of a disability policy. See McAdams v. Union Sec. Life Ins. Co., 244 S.E. 2d 692 (1978).
The plaintiff urges that the “doctrine of reasonable expectations” should be applied to this case. The plaintiffs argument seems to rest on the proposition that it was reasonable for the plaintiff to expect that he would be covered by the policy since he became disabled while the policy was in force. We have determined that there is no ambiguity in the contract. On this point, we observe that there is nothing about this contract apparent on the record before us which the plaintiff has shown created a reasonable expectation of more expansive coverage negating the content of the exclusionary language. Jefferson Ins. Co. of New York v. Holyoke, 23 Mass. App. Ct. 472, 477 (1987).
The 93A Claim
The plaintiff claims that the defendant engaged in unfair claims settlement practices in violation of a G.L. c. 176D, §3(9) and G.L. c. 93A, §9. The plaintiff argues only that the trial judge erred in acting on the c. 93A claim because discovery had not been completed as to that issue. We determine that based on the record before us, the trial judge had all the relevant materials before him when he ruled on the motion for summaryjudgment as it was directed to the c. 93A claim. The plaintiff relies on a number of acts or omissions enumerated in G.L. c. 176D, §3(9) but seems to place most emphasis on §§3(9)(b), (c) and (d). A form of “Statement of Total Disability” was signed by the plaintiff on April 22,1986. This claim form was received by the defendant on May 12,1986. By letter, dated July 10, 1986, the plaintiff was informed that “(s)ince your condition existed prior to the issuance of your insurance, we must inform you that no benefits are payable.” The defendant gave a reasonably prompt response stating the basis in the insurance policy for denying the claim. All of the information presented to the defendant concerning the plaintiffs condition disclosed the presence of coronary artery disease since 1981. Liability was not reasonably clear when the G.L. c. 93A demand was made. The trial judge was correct. See Van Dyke v. St. Paul Fire & Marine Ins. Co., 388 Mass. 671, 677-78 (1983).